IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL DWAYNE MORGAN,
Plaintiff,

vs. Case No. 5:10cv82/RH/MD

FRANK MCKEITHEN, et al.,
Defendants.

---

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1), a motion for leave to proceed *in forma pauperis* (doc. 2), and a motion to appoint counsel (doc. 3). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Century Correctional Institution. He was confined at the Bay County Jail ("Jail") at the time of the events giving rise to this complaint. Plaintiff's complaint names three defendants: Frank McKeithen, Sheriff of Bay County, Florida; the State of Florida; and Officer Holland, a correctional officer at the Jail. Plaintiff claims he was the victim of an inmate assault on January 15 2010, and faults Officer Holland for failing to "act[ ] in his professional capacity" to prevent it. (Doc. 1, p. 6). As relief, plaintiff seeks the following: "Pain and suffering $50,000.00; Mental and Physical Anguish

**$125,000.00; Release from current incarceration; removal of name from FDLE registration requirements; and seal/expunge my record." (*Id*., p. 7).**

**DISCUSSION**

**Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule**

**12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).**

**The allegations of the complaint are as follows. Plaintiff states that on January 13, 2010, while housed in the "Atlantis 3" section of the Jail, he notified defendant Holland of "a possible problem" with Inmate Bostick, an inmate who had just arrived in Atlantis 3. Plaintiff explained to defendant Holland that Bostick had a restraining order against plaintiff stemming from a charge that plaintiff had molested Bostick's daughter. (Doc. 1, p. 5). Defendant Holland responded that he would report the matter to the shift lieutenant. On January 15, 2010, one Cpl. Burris pulled plaintiff aside and questioned him "concerning an alleged conspiracy to harm I/M Bostick." Plaintiff assured Burris he knew nothing about it, and relayed the information he previously told Holland. A few hours later, plaintiff was attacked by three inmates, none of whom were Inmate Bostick. During the assault, a fourth inmate stated, "That is what you get for messing with little girls you F**king Child Molester! Kick his a** some more!" (*Id*., pp. 5-6). After the assault, plaintiff "attempted to clean [him]self up" and took aspirin. Plaintiff does not identify any injuries, although he indicates that photographs were taken. Three months later, while plaintiff was confined at Century CI, an inmate who had previously been confined at the Jail told plaintiff that the assault was the product of "a hit put out by someone in Atlantis 3." (*Id*., p. 6). Plaintiff seeks to hold the named defendants liable for the assault.**

**Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they fail to state a plausible § 1983 claim against any of the named defendants. In order to state a claim under section 1983, a plaintiff must establish two essential elements:**

> **1. the conduct complained of was committed by a person acting under color of state law; and**

> **2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.**

***Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).**

**Although plaintiff names Sheriff McKeithen as a defendant in this action, Sheriff McKeithen is mentioned nowhere in the body of plaintiff's complaint. To the extent plaintiff seeks to hold this defendant liable because he supervised Officer Holland, his claim is subject to dismissal because *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 2037 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The court in *Brown* set forth the limited circumstances upon which a causal connection between the actions of a supervising official and the alleged constitutional deprivation can be shown sufficient to render him liable on a § 1983 claim. The causal connection can be established**

> **when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.**

***Id.* (citations omitted). In the instant case, plaintiff's complaint fails to provide any factual basis for holding Sheriff McKeithen liable for the alleged deprivation of**

**plaintiff's constitutional rights. Thus, plaintiff's claims against this defendant should be dismissed.**

**Any claims against the State of Florida are also due to be dismissed. It is well settled that a State is not a "person" which may be sued under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71, 109 S.Ct. 2304, 2308-11, 105 L.Ed.2d 45 (1989). Even if the State of Florida could be sued under the statute, plaintiff's allegations fail to state a plausible theory of liability against this defendant. Plaintiff seeks to hold the State liable for the assault on the grounds that it was the State which caused him to be confined at the Jail in the first place on a charge of failing to comply with the sex offender registration statute, a statute which plaintiff believes to be unconstitutional. But to the extent plaintiff challenges the validity of his conviction, his claims are due to be dismissed under *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973),[1] and *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[2] To the extent plaintiff argues that the State of Florida's conduct in criminally charging him caused the assault, such legal theory is frivolous.**

**Plaintiff's claim against the remaining defendant, Officer Holland, is also due to be dismissed. Because plaintiff was a pre-trial detainee at the time of the alleged assault, the relevant constitutional guarantee is the Due Process Clause of the Fourteenth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Cottone*, 326 F.3d at 1356 n. 4; *Cagle v. Sutherland*, 334 F.3d**

---

**[1]The Court in *Preiser* held that when a prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841.**

**[2]The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487, 114 S.Ct. at 2372. Absent such an invalidation, the section 1983 suit must be dismissed. *Id*.**

**980, 985-86 (11th Cir. 2003) ("Because [the inmate] was a pretrial detainee, his section 1983 claims are based on the due process clause of the Fourteenth Amendment."). Generally stated, the standard applicable to claims involving the mistreatment of pre-trial detainees in custody is as follows:**

> **A Fourteenth Amendment violation occurs when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk. Furthermore, such risk must be an objectively substantial risk of serious harm to prisoners, and the prison official must respond to that risk in an objectively unreasonable manner. Finally, a plaintiff must show that the constitutional violation caused the injury.**

***Cottone*, 326 F.3d at 1358 (citations omitted). Thus, while it is true that prison officials have a duty to protect prisoners from violence at the hands of other prisoners, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety. *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994). To be held liable for failing to prevent an attack from other inmates, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety," *id.*, 511 U.S. at 837, 114 S.Ct. at 1979 (emphasis added). That means, a risk that is beyond mere possibility, *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam). Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm." *See Brown*, 894 F.2d at 1537 (finding that defendants who were informed of a "racial problem" in the victim's cell, were not liable).**

**With regard to the required state of mind, "there must be at least some allegation of a conscious or callous indifference to [the] prisoner's rights, thus raising the tort to constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting *Wright v. El Paso County Jail,* 642 F.2d 134, 136 (5th Cir. 1981)). The official must be subjectively aware of the risk, *Cottone*, 326 F.3d at 1358**

**(citing *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1028 (11th Cir. 2001)), meaning that he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer. *Farmer,* 511 U.S. at 842-43, 114 S.Ct. at 1981. A mere negligent failure to protect an inmate does not state a claim under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).**

**It must also be shown that the prison official responded to the risk in an objectively unreasonable manner. *Cottone*, 326 F.3d at 1358 (citing *Farmer*, 511 U.S. at 834, 844-45); *Marsh*, 268 F.3d at 1027 ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk."). The officer must have a realistic opportunity to prevent the illegal conduct. *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S.Ct. at 1982-83.**

**In the instant case, plaintiff's allegations fail to establish that Holland knew Inmate Bostick posed an excessive risk to plaintiff's safety. Although plaintiff told Holland he had previously been charged with molesting Bostick's daughter (implying hostility on Bostick's part), plaintiff went on to state that Bostick had a restraining order <u>against him</u> (implying that it was plaintiff who posed a threat to Bostick). It is unlikely that this information, which was ambiguous as to whose safety was at risk, would be deemed sufficient to put Holland on notice of an excessive risk to plaintiff's safety. But even assuming plaintiff's statements were sufficient to put Holland on notice that the two inmates posed substantial threats of**

**serious harm to each other, plaintiff has not shown that Holland disregarded that risk, or that he responded in an objectively unreasonable manner. Officer Holland responded that he would notify the shift lieutenant. Plaintiff does not allege Holland failed to do that. Nor does he suggest how Holland's response was objectively unreasonable (*i.e.*, that Holland had the authority to do more). Additionally, plaintiff's allegations fail to state a plausible claim that Holland's actions (his alleged deliberate indifference to the threat posed by Bostick) gave rise to a threat of danger from other inmates.[3] In sum, the allegations of the complaint, taken in the light most favorable to plaintiff, fail to state a plausible due process claim against Officer Holland.**

**Accordingly, it is ORDERED:**

**Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.**

**And it is respectfully RECOMMENDED:**

**1. That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).**

**2. That plaintiff's motion to appoint counsel (doc. 3) be DENIED.**

**3. That the clerk be directed to close the file.**

**At Pensacola, Florida this 27th day of April, 2010.**

/s/ Miles Davis

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] **Plaintiff's allegations do not plausibly establish that plaintiff's statements to Holland made Holland aware that inmates other than Bostick posed an excessive risk to plaintiff's safety. The information plaintiff learned after the fact – that a hit had been placed on him – does not suggest Holland's pre-assault awareness of a hit.**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**